### VOGEL v. HAWTHORNE.

(Supreme Court, Appellate Term. June 23, 1904.)

1. CONTRACTS—BREACH—EVIDENCE—TENDER.

Where plaintiff contracted, in consideration of defendant's procuring and paying for a contingent liability policy of insurance on an apartment house, to give defendant the renewal of five policies of insurance in force on the building, and at the time of the commencement of an action for rent, in which defendant pleaded a breach of plaintiff's contract as a counterclaim, only one of such policies had expired, defendant's evidence that plaintiff claimed defendant owed him money for rent, and that by reason thereof plaintiff would not conform to his agreement to give defendant the insurance, and that defendant "had an idea that the policies would expire at some distant time, and that he was eventually going to get such insurance," was insufficient, in the absence of a tender of a renewal policy in lieu of the policy which had expired, to show a breach of plaintiff's agreement.

2. SAME—FINDINGS.

A finding of the trial court on conflicting evidence will not be reversed on appeal.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Max Vogel against Bayard Hawthorne. From a judgment dismissing a second counterclaim defendant appeals, and from a judgment allowing the first counterclaim plaintiff appeals. Judgment reversed on plaintiff's appeal and affirmed on defendant's appeal.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

C. D. Rogers, for appellant.
H. M. Stevenson, for respondent.

FREEDMAN, P. J. The plaintiff at the time of the commencement of this action was the owner of two apartment houses known respectively as "Claremont Hall" and "The Hudsonia." The defendant was an insurance broker, and a tenant in the Hudsonia. The action was for rent for said apartment, and defendant admitted plaintiff's claim, but interposed two counterclaims for breach of contract. The first was sustained, and from the judgment allowing such the plaintiff appeals. The second counterclaim was dismissed, and from the judgment rendered dismissing that counterclaim the defendant appeals.

For the defendant's first counterclaim he set forth in his pleading that the plaintiff, in February, 1903, agreed that, if the defendant would procure what is known as a "contingent liability policy" of insurance upon Claremont Hall, and pay the premium thereon, plaintiff would give to defendant the renewal of five policies of insurance then in force upon said building, and which policies aggregate the sum of $100,000. The defendant procured and paid for the contingent liability policy, and delivered the same to plaintiff. At the time of the commencement of this action only one of the policies which defendant claimed the plaintiff had promised to allow the defendant to renew had expired, and, to show a breach of contract on the part of plaintiff, the defendant attempted to show that the plaintiff had refused to permit defendant to obtain any renewals. In this, I think, he failed. When asked by his counsel to give the conversation had with the plaintiff in which such refusal was made, he was very uncertain and indefinite in his statements, and the most he would swear was that at one time "Mr. Vogel claimed that I owed him some money for rent, and that by reason of my owing him this money he would not conform to his agreement to give me his insurance." He afterwards states, in reference to the conversation regarding the renewals, as follows: "I don't remember anything except that I had the idea that the policies were expiring at some distant time, and that I was eventually going to get the insurance." This is far from showing such an absolute refusal on the part of the plaintiff to perform the alleged agreement on his part as to permit a recovery by defendant for damages without showing on his part a tender of the renewals called for by the contract between the parties. The judgment given the defendant on this counterclaim was for the sum of $228, being the amount of commissions to which the defendant would have been entitled upon all five of the policies. Defendant admitted that he had never tendered to the plaintiff a renewal policy in lieu of the expired April policy, and, as the other policies had not expired when this action was commenced, it is difficult under these circumstances to see how any cause of action upon the defendant's alleged first counterclaim had accrued, and the allowance thereof by the court was error, assuming the testimony on the part of the defendant to have been taken as true by the trial court.

As to the second counterclaim, which was also for commissions claimed to have been lost upon policies of insurance by reason of the plaintiff's refusal to accept and pay for them, there was a conflict of testimony as to the terms of the agreement between the parties under which such policies were obtained, and the decision of the trial court thereon should not be disturbed.

Judgment upon plaintiff's appeal reversed, and a new trial ordered, with costs to the appellant to abide the event, and judgment upon defendant's appeal affirmed, with costs. All concur.